THE HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID GIGLIO and JENNIFER LAUER, <br><br> Plaintiffs, <br><br> vs. <br><br> LIBERTY MUTUAL FIRE INSURANCE COMPANY, a foreign insurer, <br><br> Defendant. | No. 3:11-cv-05179-RBL <br><br> ORDER DENYING MOTION TO BIFURCATE <br> [Dkt. #14] |

THIS MATTER is before the Court on Defendant Liberty Mutual Fire Insurance Company's Motion to Bifurcate Plaintiffs' UIM Claim from Plaintiffs' Extra-Contractual/Bad Faith Claims and Staying Discovery on Extra-Contractual Claims [Dkt. #14] The Court has reviewed the Motion and Response and the file herein.

The case involves an automobile accident and Plaintiffs' resulting UIM claims. Plaintiffs claim that Liberty Mutual failed to pay the fair value of their claims, that it failed to arbitrate the claims, and that it did these things in bad faith. Liberty Mutual seeks bifurcation of the UIM claims from the bad faith claims, and asks the court to stay discovery into the latter until the UIM claims are resolved.

ORDER – 1

1  Liberty Mutual claims that the only potentially viable bad faith claim asserted by

2  Plaintiffs is their claim that Liberty Mutual undervalued their UIM claims, and that "the only

3  way to determine whether Liberty Mutual unreasonably valued Plaintiffs' UIM claim[s], is to

4  first determine the value of the Plaintiffs' UIM claims." [Dkt. #18 at p. 2]. Liberty Mutual

5  claims further that it will be prejudiced if it is required to disclose its claims handling

6  information before the value of the UIM claims is determined.

7  Plaintiffs oppose bifurcation, arguing[1] that their bad faith claims are not necessarily

8  dependent on the monetary outcome of their UIM claims, that they will be prejudiced by

9  having to litigate twice, and that judicial economy is not served by bifurcation.

10  Under FRCP 42(b), the court has discretion to order issues be tried separately for

11  "convenience, to avoid prejudice, or to expedite and economize," as long as the court

12  preserves any federal right to a jury trial.

13  It is clear that each party will gain or lose a tactical advantage, depending on the

14  outcome of this motion.  Their respective claims of "prejudice," then, are a wash.  Two trials

15  will not expedite the resolution of this case, and judicial economy is not served by bifurcation.

16  Defendant's Motion to Bifurcate is therefore DENIED.

17  DATED this 20th day of September, 2011.

19  _____

20  The Honorable Ronald B. Leighton
United States District Judge

---

23  [1] Plaintiffs also argue that trying the claims separately will divest the court of its diversity jurisdiction because alone, neither is likely worth the jurisdictional minimum.  This argument is incorrect.

ORDER – 2